THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
YONKERS RACING CORPORATION, :
a New York corporation, :
:                    Case No. 08 CIV. 2347
        Plaintiff, :
:
vs. :
:                    ECF Case  JUDGE CONNER
ARCH INSURANCE COMPANY, a Missouri :
corporation, :
:
        Defendant. :
:
---------------------------------------------------------x

## COMPLAINT

Plaintiff Yonkers Racing Corporation ("Yonkers"), for its complaint against Arch Insurance Company ("Arch"), states as follows:

### I. Nature of Claim

1. Yonkers seeks declaration of its rights and obligations under a commercial general liability policy issued by Arch. As described in detail herein, Arch wrongfully refuses to cover and defend Yonkers in a personal liability claim emanating out of an accident on the property for which Arch provides coverage.

### II. Parties

2. Plaintiff Yonkers is incorporated under the laws of the State of New York with its principal place of business in Yonkers, New York.

3. Defendant Arch Insurance Company is incorporated under the laws of the State of Missouri with its principal place of business in Kansas City, Missouri.

### III. Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction insofar as it involves citizens of different States and the amount in controversy exceeds $75,000 as set forth herein.

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Yonkers' claims occurred in this District.

### IV. Substantive Factual Allegations

**A.     The Policy**

6. Arch issued to Tishman Construction Corporation of New York ("Tishman") a Commercial General Liability Policy, bearing Policy No. 11GPP2056800, for the policy period from September 9, 2005 to March 9, 2007 (the "Policy"). The Policy has an aggregate limit of liability of $4 million. A true and correct copy of the Policy is attached hereto as Exhibit 1.

7. Yonkers is a "Named Insured" under the Policy. Specifically, the Named Insured Endorsement provides that "[i]t is hereby agreed that Item 1. of the Declarations is amended to include the following entities as a Named Insured: . . . Yonkers Racing Corporation. . ."

8. The Limitation of Coverage to Designated Premises or Project Endorsement (the "Premises Limitation Endorsement") states as follows:

**Schedule**
**Premises:**
THE EMPIRE CITY CASINO AT YONKERS RACEWAY, TISHMAN PROJECT NUMBER C-0199, LOCATED AT 810 CENTRAL AVENUE, YONKERS, NEW YORK, 10704; AS FURTHER DEFINED BY THE SITE PLAN MAP ON FILE WITH THE COMPANY
* * *
This insurance applies only to "bodily injury" . . . arising out of:
1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or
2. The project shown in the Schedule.

2

9. Accordingly, the Policy provides a defense and indemnity to Yonkers for suits alleging bodily injury arising out of the Empire Casino project.

**B. The Bishop Claim**

10. On November 11, 2006, Regina Bishop injured herself when she tripped and fell on a sidewalk at Empire Casino that allegedly was under construction at the time of the incident. Bishop reportedly sustained two fractured bones in her foot.

11. Counsel for Bishop contacted the City of Yonkers Industrial Development Agency (the "IDA") and demanded compensation for Bishop's injuries.

12. In a Lease Agreement dated August 1, 2005, Yonkers agreed to hold the IDA harmless from any liability for bodily injury arising out of Yonkers' occupation of the property on which the incident occurred. (See Exhibit 2 for a true and correct copy of the Lease Agreement).

13. In a Leaseback Agreement dated August 1, 2005, Yonkers similarly agreed to hold the IDA harmless from any liability for bodily injury arising out of Yonkers' occupation or use of the property on which the incident occurred. (See Exhibit 3 for a true and correct copy of the Leaseback Agreement).

14. On April 10, 2007, the IDA made a written demand that Yonkers indemnify and defend the IDA pursuant to the terms of the Lease Agreement. By letter dated June 27, 2007, Yonkers agreed to abide by its obligation to defend and indemnify the IDA.

### C. Yonkers Request for Coverage and a Defense

15. By letter dated August 9, 2007, Yonkers provided notice of the Bishop claim to Arch. (See Exhibit 4 for a true and correct copy of the notice letter).

16. Despite Yonkers' numerous attempts to contact Arch about the Bishop claim, Arch has refused to provide Yonkers with any coverage analysis or a defense.

## COUNT I
## DECLARATORY JUDGMENT -- DEFENSE

17. Yonkers repeats and realleges each and every allegation contained in paragraphs 1 through 16 above, as set forth fully herein.

18. Arch must provide Yonkers a defense for the Bishop claim if any allegations in the claim bring the claim even potentially within coverage.

19. Because the Bishop claim alleges bodily injury as a result of negligence at the Empire Casino, the claim clearly implicates coverage.

20. Despite Arch's clear duty to defend Yonkers, it refuses even to acknowledge Yonkers' notice of claim.

WHEREFORE, Yonkers respectfully requests that this Court enter an Order that:

(1) Arch must provide Yonkers an on-going defense for the Bishop claim;

(2) Arch must reimburse Yonkers for all costs and expenses incurred in defending the Bishop claim through the date that Arch takes over the defense;

(3) Provides Yonkers such other and further relief as this Court deems just and equitable.

## COUNT II
## DECLARATORY JUDGMENT – INDEMNITY

21. Yonkers repeats and realleges each and every allegation contained in paragraphs 1 through 16 above, as set forth fully herein.

22. The Bishop claim makes a bodily injury claim against Yonkers that falls within the scope of coverage of the Policy.

23. Arch wrongfully denied its obligation under the Policy to cover Yonkers for the Bishop claim.

WHEREFORE, Yonkers respectfully requests that this Court enter an Order that:

(1) The Policy covers any and all of Yonkers' liability in connection with Bishop claim; and

(2) Provides Yonkers such other and further relief as this Court deems just and equitable.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

DATED: March 6, 2008

Respectfully submitted,

YONKERS RACING CORPORATION

By: _____
One of its attorneys

Stephen J. Rosenfeld
Keith E. Allen
**MANDELL MENKES LLC**
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606
(312) 251-1000

- and -

Vincent Crowe
Daniel W. Morrison
**BLEAKLEY PLATT & SCHMIDT**
One North Lexington Avenue
White Plains, New York 10601
(914) 287 6147

168201