THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

YONKERS RACING CORPORATION, a New York
Corporation,

                Plaintiff,

      -against-

ARCH INSURANCE COMPANY, a Missouri
Corporation,

              Defendant.

---------------------------------------X

**ANSWER**

*Civil Action No.*
08 CV2347 HON. WCC

**Defendant Demands
Trial by Jury**

    Defendant ARCH INSURANCE COMPANY, A MISSOURI CORPORATION, by its attorney, SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C. as and for its answer to the complaint and as and for its cross-claims, upon information and belief, sets forth as follows:

**Nature of Claim**

    1. Denies each and every allegation contained in the paragraph of the complaint herein designated as: "1".

**Parties**

    2. Denies any knowledge or information sufficient to form a belief as to the truth of the allegation contained in the paragraphs of the complaint herein designated as: "2".

    3. Admits the allegation contained in the paragraph of the complaint designated as "3".

**Jurisdiction & Venue**

4. Denies any knowledge or information sufficient to form a belief as to the truth of the allegation contained in the paragraph of the complaint herein designated as: "4".

5. Denies any knowledge or information sufficient to form a belief as to the truth of the allegation contained in the paragraph of the complaint herein designated as: "5".

**Substantive Factual Allegations**

**The Policy**

6. Denies each and every allegation contained in the paragraphs of the complaint herein designated as: "6" except admits that Arch issued to Tishman Construction Corporation of New York ("Tishman") a Commercial General Liability Policy, bearing No. 11GPP2056800, for the policy period from September 9, 2005 to March 9,2007 ("The Policy"). The policy has an aggregate limit of liability of $4million and refers all questions of law to this Honorable Court.

7. Denies each and every allegation contained in the paragraph of the complaint herein designated as: "7'" except admits that Yonkers is a "Named Insured" under the policy and refers all questions of law to this Honorable Court.

8. Denies each and every allegation contained in the paragraph of the complaint herein designated as: "8" except admits that the policy contains certain language and reference is made to

- 2 -

the terms and conditions of the subject policy and refers all questions of law to this Honorable Court.

9. Denies each and every allegation contained in the paragraph of the complaint herein designated as: "9".

10. Denies any knowledge or information sufficient to form a belief as to the truth of the allegation contained in the paragraph of the complaint herein designated as: "10".

11. Denies any knowledge or information sufficient to form a belief as to the truth of the allegation contained in the paragraph of the complaint herein designated as: "11".

12. Denies any knowledge or information sufficient to form a belief as to the truth of the allegation contained in the paragraph of the complaint herein designated as: "12".

13. Denies any knowledge or information sufficient to form a belief as to the truth of the allegation contained in the paragraph of the complaint herein designated as: "13".

14. Denies any knowledge or information sufficient to form a belief as to the truth of the allegation contained in the paragraph of the complaint herein designated as: "14".

15. Denies each and every allegation contained in the paragraph of the complaint herein designated as: "15".

16. Denies each and every allegation contained in the paragraph of the complaint herein designated as: "16" except admits that Arch has no obligation to provide Yonkers with any coverage and refers all questions of law to this Honorable Court.

**COUNT I**

**DECLARATORY JUDGMENT - DEFENSE**

17. As and for its response to each and every allegation contained in paragraph "17" of the complaint, the defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

18. Denies each and every allegation contained in the paragraph of the complaint herein designated as: "18".

19. Denies each and every allegation contained in the paragraph of the complaint herein designated as: "19".

20. Denies each and every allegation contained in the paragraph of the complaint herein designated as: "20".

**COUNT II**

**DECLARATORY JUDGMENT - INDEMNITY**

21. As and for its response to each and every allegation contained in paragraph "21" of the complaint, the defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

22. Denies each and every allegation contained in the paragraph of the complaint herein designated as: "22".

23. Denies each and every allegation contained in the paragraph of the complaint herein designated as: "23".

### FIRST AFFIRMATIVE DEFENSE:

The Complaint fails to state a claim upon which relief may be granted against ARCH INSURANCE COMPANY, A MISSOURI CORPORATION.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to present a justiciable controversy as to ARCH INSURANCE COMPANY, A MISSOURI CORPORATION.

### THIRD AFFIRMATIVE DEFENSE

To the extent the plaintiffs claim to be an insured under the ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy, their claims are barred as a result of their failure to provide timely and proper notice of this matter to ARCH INSURANCE COMPANY, A MISSOURI CORPORATION and otherwise comply with the conditions set forth in the ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that all conditions precedent and subsequent to the triggering of any obligation of liability, coverage, and/or a duty to defend, if any, under the ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy at issue herein have not been fulfilled, ARCH INSURANCE COMPANY, A MISSOURI CORPORATION has no

obligation to the plaintiffs and/or entity claiming to be an insured thereunder.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims against ARCH INSURANCE COMPANY, A MISSOURI CORPORATION are or may be barred in whole or in part by laches, waiver, estoppel and/or the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims against ARCH INSURANCE COMPANY, A MISSOURI CORPORATION are or may be barred in whole or in part by release and/or accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the plaintiffs' claims against ARCH INSURANCE COMPANY, A MISSOURI CORPORATION are or may be barred in whole or in part by applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to join parties necessary to the adjudication of this action.

### NINTH AFFIRMATIVE DEFENSE

To the extent that some or all of the circumstances alleged do not constitute an "occurrence", were not fortuitous or were "expected" or "intended" from the standpoint of the insured, as those terms are used and defined in the ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy, coverage is precluded.

### TENTH AFFIRMATIVE DEFENSE

The ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy herein excludes coverage for reimbursement of payments made by or on behalf of any person or entity claiming to be an insured hereunder without the consent of ARCH INSURANCE COMPANY, A MISSOURI CORPORATION.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs are not insureds under the ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy, they are not entitled to any coverage thereunder.

### TWELFTH AFFIRMATIVE DEFENSE

The ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy provides no coverage for, loss or damage which constitutes, represents, or arises out of fines, penalties or punitive or exemplary damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery against ARCH INSURANCE COMPANY, A MISSOURI CORPORATION must be reduced to the extent plaintiffs have failed to mitigate, minimize or avoid its claimed damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

ARCH INSURANCE COMPANY, A MISSOURI CORPORATION liability, if any, under the ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy herein does not attach unless and until any and all

- 7 -

underlying limits and coverages have been exhausted by payment of losses and any and all underlying self-insured retentions and/or deductibles have been paid by any entity claiming to be an insured thereunder.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that any entity claiming to be an insured has failed to perform all of its obligations under the ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy at issue herein, any recovery thereunder may be barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims at issue may be barred in whole or in part by the limits of liability, endorsements, and other terms, conditions, limitations and exclusions in the ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of the existence of other insurance policies, including policies with respect to which ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy were previously, subsequently or contemporaneously effective, and by reason of the "other insurance" condition in the ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent it may be determined that any loss sustained by plaintiff is covered under the ARCH INSURANCE COMPANY, A MISSOURI CORPORATION policy at issue herein, such loss is subject to the applicable limits of liability of such policy.

## NINETEENTH AFFIRMATIVE DEFENSE

ARCH INSURANCE COMPANY, A MISSOURI CORPORATION may have additional defenses that cannot be articulated due to the generality of the Complaint, the failure of any person or entity to provide information regarding this matter beyond the Complaint and/or the stage of this litigation, Accordingly, ARCH INSURANCE COMPANY, A MISSOURI CORPORATION reserves its rights to supplement the foregoing and to assert additional defenses as may appear after plaintiffs particularize their claims, and after discovery of information concerning the matters set forth in the Complaint.

## ANSWER TO CROSS-CLAIMS

ARCH INSURANCE COMPANY, A MISSOURI CORPORATION, by way of answer to any cross-claims filed or to be filed by any other defendant, denies each and every such claim in its entirety.

WHEREFORE, defendant demands judgment dismissing complaint of plaintiff against him, together with the costs and disbursements of this action.

Dated: New York, New York
       May 13, 2008

- 9 -

SMITH MAZURE DIRECTOR WILKINS YOUNG &
YAGERMAN, P.C.

By: _____

JOEL M. SIMON (JMS 1077)
For the Firm
SMITH MAZURE DIRECTOR WILKINS YOUNG &
YAGERMAN, P.C.
Attorneys for Defendant
ARCH INSURANCE COMPANY, a Missouri
Corporation
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400
Our File No.  ARCH-00373/JMS

TO:
MANDELL MENKES, LLC
Attorney for Plaintiff
333 West Wacker Drive, Suite 300
Chicago, IL 60606
(312) 251-1000

Vincent Crowe
Daniel W. Morrison
BLEAKLEY PLATT & SCHMIDT
One North Lexington Avenue
White Plains, New York 10601
(914) 287-6147

- 10 -

*Civil Action No.*. 08 CV2347 HON. WCC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YONKERS RACING CORPORATION, a New York Corporation,

                                                                    Plaintiff,

                    -against-

ARCH INSURANCE COMPANY, a Missouri Corporation,

                                                                    Defendant.

---

**ANSWER**

---

**SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.**
Attorneys for Defendant
ARCH INSURANCE COMPANY, a
Missouri Corporation
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400
ARCH-00373/JMS

---

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a**

         hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing is not frivolous nor frivolously presented.


Dated:     New York, New York                              _____

---

*PLEASE TAKE NOTICE*

☐         *that the within is a true copy of a*              *entered in the office of the clerk of the within*
           *named Court on       .*

☐         *that a*              *of which the within is a true copy will be presented for settlement to the Hon.*
           *one of the judges of the within named Court at              , on at 9:30 a.m.*

                                        SMITH MAZURE DIRECTOR WILKINS YOUNG &
                                                        YAGERMAN, P.C.
                                                    Attorneys for Defendant
                                        ARCH INSURANCE COMPANY, a Missouri
                                                            Corporation
                                            111 John Street, 20th Floor
                                            New York, New York 10038-3198
                                                        (212) 964-7400
                                            Our File No.  ARCH-00373/JMS

JMS/dln
816826.wpd